# COURT OF COMMON PLEAS OF BALTIMORE CITY.

Filed March 28, 1913.

AURORA METAL COMPANY
VS.
ARTHUR V. MOORE.

*John Milton Reifsnider, Randolph Barton, Jr.,* for plaintiff.

*Ivan L. Hoff, Harry M. Benzinger* for defendant.

ELLIOTT, J.—

The present action is based upon an open account for goods sold and delivered in the State of Illinois, by the Plaintiff, an Illinois corporation, to the Defendant, a resident of the same state, in the month of August, 1907. Some years after the accruing of the debt, the Defendant became a resident of the State of Maryland, where he has since resided for more than three years immediately preceding the bring-

240

ing of this suit, which was instituted in January, 1912.

The Defendant has pleaded three pleas—"Never promised as alleged," "not indebted as alleged," and "limitations." The sale and delivery of the goods have been proven, and a partial payment by the Defendant on account thereof, and the Plaintiff has also replied to the plea of limitations, "that the Defendant did, within three years next before the suing out of the original Writ of the Plaintiff against the Defendant in this case, undertake and promise, in the manner and form as the said Plaintiff has above complained against him." The evidence shows conclusively that, by reason of a three years' residence, before 1912, in this state, the Defendant has become entitled to the plea of limitations, as to all debts which accrued more than three years prior to the bringing of the suit, on the 29th day of January, 1912.

Maurice vs. Wooden, 52nd Maryland 295.

Mason vs. Union Mills Company, 81st Maryland 438.

But says the Plaintiff, "The Defendant has, within three years of the bringing of this suit, recognized the debt as an existing obligation, and the law will imply a promise to pay it, so that there is a bar to the plea of limitations by him." It therefore becomes essential that we should inquire as to the alleged fact which the Plaintiff has pleaded in bar of the plea.

Fortunately, there can be no controversy as to the facts upon which the alleged bar to the plea of limitations is based.

The suit was filed January 29th, 1912, and four days later, namely, on February 2nd, 1912, the Defendant wrote to the Plaintiff the following letter:

Gentlemen: Have just been notified that you have brought suit against me, and want to call your attention to the following: No one knows better than your Attorney here that I am unable to meet any kind of a claim at present. You will agree with me that it will be hard enough for me to make a success under the most favorable conditions, let alone being bothered with suits. Of course, do as you please, but the way I look at it you will spend more money for nothing and only make your claim more hopeless.

Yours truly,

A. V. MOORE.

This Court is unable to discover in the letter quoted any acknowledgment of an indebtedness, as outstanding and subsisting, from the Defendant to the Plaintiff, upon which the law could base a promise to pay.

It was as if the Defendant had written, I don't know of any indebtedness, but in my present condition a suit for any claim actually subsisting can accomplish nothing, but would be a matter of expense to you and leave you hopeless to recover.

The nature of the account and the testimony of the Defendant make it doubtful that he even knew the particulars of the claim. Moreover, it is to be noted that the present action is not based upon Defendant's acknowledgment, but the alleged ground that he had not, by residence in the State of Maryland, ever become entitled to a bar of the action.

This Court is therefore of the opinion that the Statute of Limitations pleaded by the Defendant is a bar to the action against him, and that this case does not fall within the rule announced by our Court of Appeals in

Shipley vs. Shelley, 66th Maryland 558, and

Hardy vs. Hardy, 79th Maryland 9.

The verdict must therefore be for the Defendant.

Verdict for the Defendant.